IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| TIMOTHY WRIGHT,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, ATTORNEY GENERAL OF THE STATE OF MONTANA, et al.,<br><br>Respondents. | Cause No. CV 16-51-BU-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Timothy Wright's application for writ of habeas corpus under 28 U.S.C. § 2254. Wright is a state prisoner proceeding pro se.

I.  **Motion to Proceed In Forma Pauperis**

After reviewing the materials submitted by Mr. Wright, I find that he has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis (doc. 2) will be granted.

II.  **§ 2254 Petition**

Wright challenges a conviction of sexual intercourse without consent from the Eighteenth Judicial Court, Gallatin County. Judgment was entered on November 16, 2009. (Doc. 1 at 2, ¶¶ 1-2). Wright was sentenced to fifty years in the Montana State Prison. *Id.* at 3, ¶ 4.

1

Wright timely filed a direct appeal advancing two claims: 1) a due process violation stemming from the presentation of DNA evidence Wright contended was misleading, and, 2) ineffective assistance of trial counsel for failing to effectively cross-examine the State's DNA expert or present a counter expert on Wright's behalf. The Montana Supreme Court affirmed the conviction based upon the due process argument and dismissed the ineffective assistance of counsel claim without prejudice, finding it more appropriate for postconviction relief. *State v. Wright*, 2011 MT 92, 360 Mont. 246, 253 P. 3d 838.

Wright next filed a Writ of Supervisory Control in the Montana Supreme Court requesting the Court direct the trial court to appoint Wright counsel to assist him in filing a postconviction petition. *Wright v. State*, OP 12-0526, Pet. (Aug. 30, 2012).[1] The Montana Supreme Court denied the petition and observed it was unclear whether or not Wright had actually filed a petition for postconviction relief in the trial court or had simply sought the appointment of counsel there. *Wright v. State*, OP 12-0526, Or. (Oct. 9, 2012).

This Court was able to confirm with the Gallatin County Clerk of Court that Wright did file a petition for postconviction relief, but not until February 12, 2013. The matter was filed in Cause No. DV-16-2013-87-PR. The trial court denied Wright's petition on May 24, 2013. As Wright was previously informed, based

---

[1] The State court briefing and opinions are available at: https://supremecourtdocket.mt.gov (accessed Oct. 6, 2016).

upon this Court's calculations, it appeared Wright's federal habeas petition should have been filed on or before Monday, August 13, 2012. (Doc. 5 at 3). Wright does not seem to contest this calculation. See generally, (Doc. 6). Because the postconviction petition was filed well after the federal filing period had lapsed, it does not toll any time in Wright's favor.

On September 6, 2016, Wright filed a petition with this Court alleging: a due process violation based upon false and misleading DNA evidence presented at his trial, (doc. 1 at 4, ¶ 13A), prosecutorial misconduct (*id.* at 5, ¶ 13B); and ineffective assistance of trial counsel (*id.* at 7, ¶C). On October 11, 2016, Wright was ordered to show cause why his petition should not be dismissed with prejudice as time-barred. (Doc. 5). Wright timely responded. (Doc. 6).

**Equitable Tolling**

The AEDPA imposes a one-year limitation for state prisoners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). This statute of limitations is subject to equitable tolling under appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). In order to qualify, a petitioner must show: 1) that he has been pursuing his rights diligently, and 2) that an "extraordinary circumstance" stood in his way to prevent timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary

3

circumstances made it impossible to file a petition on time.'" *Porter v. Ollison*, 620 F. 3d 952, 959 (9th Cir. 2010). The burden on a petitioner is very heavy, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F. 3d 1063, 1066 (9th Cir. 2002). Moreover, equitable tolling is unavailable in most cases. *Id.* at 1066.

### i) Lack of Legal Advice

Wright first seems to argue that he should be entitled to equitable tolling based upon both his trial and appellate attorneys' failure to inform him that a federal habeas petition needed to be filed before August 13, 2012. (Doc. 6 at 1). Wright contends this failure constitutes ineffective assistance of counsel. Being a pro se litigant, Wright argues it was incumbent upon counsel to either inform him of his options, or, apparently, file a habeas petition on his behalf. *Id.*

There is no constitutional right to habeas counsel. *Coleman v. Thompson*, 501 U.S. 722, 755-757 (1991). Even, if trial or appellate counsel "could have informed" Wright of the federal filing deadline of August 13, 2011, see (doc. 6 at 1), or even had they informed him incorrectly, attorney negligence generally does not justify equitable tolling. *Miranda*, at 1068, quoting *Frye v. Hickman*, 273 F. 3d 1144, 1146 ("attorney's 'miscalculation of the limitations period…and …negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling' ").

4

Wright was able to file a pro se motion for appointment of postconviction counsel in the trial court and subsequent appeal from the trial court's denial of the motion. See, *Wright v. State*, OP 12-0526, Or. (Oct. 9, 2012). As set forth above, Wright also filed a pro se petition for postconviction relief. Thus, his argument that he was "unaware of his options" relative to federal filing deadlines is unavailing. Wright's professed lack of legal sophistication is not an extraordinary circumstance that would warrant equitable tolling. See, *Raspberry v. Garcia*, 448 F. 3d 1150 (9th Cir. 2006). Wright has not carried his burden of establishing that due to his attorneys' alleged inaction he is entitled to equitable tolling.

    **ii)    Actual Innocence**

Wright also seems to argue that no reasonable fact finder could have found him guilty beyond a reasonable doubt under the standard set by *Schlup v. Delo*, 513 U.S. 298 91995 and *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). Wright relies on the arguments presented in his state appellate brief to support his position. (Doc. 6 at 2).

The "actual innocence" exception provided under *Schlup* "serves as an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty, guaranteeing that the ends of justice will be served in full." *Lee v. Lampert*, 653 F. 3d 929, 934 (9th Cir. 2011)(en banc). In *Perkins*, the Supreme Court held "actual innocence, if proved, serves as a gateway through

which a petitioner may pass whether the impediment is a procedural bar…or…[the] expiration of the statute of limitations." *Perkins*, 133 S. Ct. at 1928. Thus, "actual innocence" is an equitable exception to 28 U.S.C. § 2244(d)(1). Under *Schlup*, an otherwise procedurally-barred claim may be heard on the merits "if [the] claim of actual innocence is sufficient to bring [it] within the 'narrow class of cases…implicating a fundamental miscarriage of justice.'" *Carriger v. Stewart*, 132 F. 3d 463, 477 (9th Cir. 1997)(quoting *Schlup*, 513, U.S. at 315).

Under *Schlup*, "to be credible …a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial." *Schlup*, 513 U.S. at 324. The habeas court then considers all of the evidence, whether it is old or new, incriminating or exculpatory, admissible or inadmissible. *Lee*, 653 F. 3d at 938. In this context, the petitioner must establish his factual innocence, not a mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). This exception is limited to "certain exceptional cases involving a compelling claim of actual innocence." *House v. Bell*, 547 U.S. 518, 522 (2006).

Here, Wright has not shown that he is entitled to pass through the *Schlup* gateway to allow this Court to consider his untimely petition. He has not set forth

specific facts supporting his claim of innocence. Nor has he presented any actual evidence- scientific, physical, or otherwise- to demonstrate his innocence. In fact, Wright has presented no evidence. What Wright has presented is a reference back to argument and claims previously raised and denied by the Montana Supreme Court. His conclusory assertions of innocence are not sufficient to either advance a claim of innocence or allow him to pass through the *Schlup* gateway. Because he has failed to present new reliable evidence showing he is likely innocent, Wright has not met the "very high threshold" that would entitle him to equitable tolling.

### III. Conclusion

Wright's claims are untimely and his failure to comply with the federal limitations period cannot be excused. Wright's petition should be dismissed as time-barred.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of the claims advanced by Wright appear to make a substantial showing that he was deprived of a constitutional right. A certificate of appealability should be denied because the petition is time-barred by nearly four years and no reasonable jurist would find his claims timely; thus, there is no basis to encourage further proceedings.

## RECOMMENDATION

1. Mr. Wright's Motion to Proceed in Forma Pauperis (Doc. 2) is GRANTED.

2. Mr. Wright's Petition (Doc. 1) should be DISMISSED WITH PREJUDICE as time-barred without excuse.

3. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Wright may object to this Findings and Recommendation within 14

days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Wright must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 2nd day of November, 2016.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

9