IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION



| | |
|---|---|
| TIMOTHY WRIGHT,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, ATTORNEY GENERAL OF THE STATE OF MONTANA, et. al.,<br><br>Respondents. | CV 16–51–BU–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Order, Findings and Recommendations on November 2, 2016, recommending dismissal of Petitioner Timothy Wright's ("Wright") application for writ of habeas corpus under 28 U.S.C. § 2254. Wright timely filed an objection and is therefore entitled to de novo review of those Findings and Recommendations to which he specifically objected. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

-1-

Upon review of the objections, Wright maintains that Judge Lynch erred by finding that his habeas petition was not entitled to equitable tolling. Wright argues that he should be relieved of the one year limitation to file a habeas petition under 28 U.S.C. § 2244(d)(1) due to "extraordinary circumstances" which prevented him from filing a timely petition. (Doc. 8 at 1-2 (*citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).) In support of this argument, Wright argues that he could not file a timely petition because: (1) he is not trained in the use of LexisNexis and no one in the prison library is trained or available to show him how to use it: (2) his former attorney refused to communicate with him and would not assist him in obtaining the paperwork to file his initial appeal; and (3) there are no legal books in the prison library and the only tool for legal research was his access to LexisNexis on the library's computers. The Court disagrees with Wright that these reasons constitute "extraordinary circumstances" which would justify equitable tolling.

To qualify for equitable tolling, Wright "must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (citations and internal quote marks omitted). First, it appears that Wright failed to pursue his rights diligently while incarcerated. As discussed by Judge

Lynch, Wright's conviction became final on August 11, 2011, and his deadline to file his habeas petition was August 13, 2012. Wright fails to explain what he did during this one year period to pursue his habeas petition.

Second, even if Wright could show that he was pursuing his rights diligently, the reasons he offers for failing to file his petition do not qualify as "exceptional circumstances." As discussed, Wright states that he could not file his habeas petition because he was not trained in the use of LexisNexis and the prison library does not have physical legal books to review. The Court agrees with Wright that these circumstances may have made the filing of his petition difficult. However, under the AEDPA, the one year limitations period is only tolled "if extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time. *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (citation omitted) (emphasis added). Thus, because Wright had access to LexisNexis, it was not impossible for him to timely file his petition.

Lastly, Wright's argument pertaining to his former attorney must also fail because there is no constitutional right to the assistance of counsel in the filing of a habeas petition. *Miller v. Keeney*, 882 F.2d 1428, 1432 (9th Cir. 1989). Wright's objections are overruled.

Accordingly, the Court reviews the remainder of Judge Lynch's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 7) are ADOPTED IN FULL.

(2) Wright's Petition (Doc. 1) is DISMISSED WITH PREJUDICE as time-barred without excuse.

(3) The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

(4) A certificate of appealability is DENIED.

Dated this 27th day of December, 2016.

Dana L. Christensen, Chief Judge
United States District Court